UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN CARDONA IBARRA, | ) | |
| Institutional ID No. 00454-180, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-285-BG |
| K. DIXON, Warden, | ) | ECF |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Juan Cardona Ibarra, a federal inmate incarcerated at Giles W. Dalby Correctional Facility, brought this action *pro se* and *in forma pauperis* complaining about a work assignment. He identifies the Defendants as K. Dixon, the prison warden; H. Bryan, the associate warden; and Giles W. Dalby Correctional Officers 1-100.  Cardona Ibarra seeks compensatory and punitive damages claiming that the warden and associate warden are liable by virtue of their supervisory positions and the John Doe Defendants are liable because they forced him to work despite medical restrictions.

## I.      Discussion

Cardona Ibarra's claims should be dismissed as frivolous because the court already addressed them in *Ibarra v. Fed. Bureau of Prisons, et al.*, No. 5:12-CV-139-BG.  In the Complaint filed in that action, Cardona Ibarra claimed that he was required to work five extra hours as punishment after being accused of failing to begin his work assignment on time.  He claimed that the extra work was contrary to his medical restrictions and that forcing him to work violated his right to be free from cruel and unusual punishment, constituted "punishment beyond the sentence imposed by the sentencing court," and violated his right to be free from involuntary servitude.

In this action, Cardona Ibarra claims that his Eighth Amendment rights were violated because he was forced to work a job that contradicted his medical restrictions.  At a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), he testified that the allegations in this action are the same allegations he presented in *Ibarra v. Fed. Bureau of Prisons*, *et al.* and that he did not have anything to add to the testimony he gave at the hearing held in the prior case.

Complaints brought *in forma pauperis* may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) "when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have been unsuccessfully litigated by the [*in forma pauperis*] plaintiff."  *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).  Moreover, "a court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*."  *Ellis v. Ashcroft*, No. 3:02-CV-1951-P, 2002 WL 31421933, at *2 (N.D. Tex. Oct. 21, 2002); *see also Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (although *res judicata* is an affirmative defense, "[d]ismissal by the court *sua sponte* on *res judicata* grounds [] is permissible in the interest of judicial economy when both actions were brought before the same court").  Based on Cardona Ibarra's allegations and the testimony he gave at the *Spears* hearing held for this action, dismissal is appropriate.

In addition and in the alternative, this action should be dismissed as legally frivolous. Cardona Ibarra's Complaint should be construed as one alleging deliberate indifference to serious medical needs under the Eighth Amendment and brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–98, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994) (construing federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

2

Under case law related to *Bivens*, Cardona Ibarra's claims lack an arguable basis in law.  His claim against the warden and assistant warden fail because "there is no doctrine of *respondeat superior* in *Bivens* actions."  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).  His claims against the remaining defendants fail because a prisoner is not entitled to an award of money damages in a *Bivens* action for allegations of deliberate indifference to serious medical needs.  In short, a *Bivens* damages remedy is not available for constitutional violations alleged to have been committed by individuals employed by private prisons, such as the individual defendants in this case, if an adequate alternative remedy exists.  *See Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012) (specifically refusing to find a damages remedy for alleged Eighth Amendment violations).   An alternative damages remedy exists for the deliberate indifference Cardona Ibarra alleges: Texas law permits a prisoner to bring an action for monetary damages against a prison employee for Eighth Amendment violations.  *Birdo v. Debose*, 819 S.W.2d 212, 215–16 (Tex. App.—Waco, 1991, no writ); *see also Minneci*, 132 S. Ct. at 625 (acknowledging that Texas tort law imposes a duty of reasonable care on prison employees).

## II.   Recommendation

Based on the discussion in this Report and Recommendation, the undersigned recommends that the district court dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  The undersigned further recommends that this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) (setting forth the standard for assessing strikes under the Prison Litigation Reform Act).

## III.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file

3

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b).   To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's Report and Recommendation where the disputed determination is found.

An objection that merely incorporates by reference or refers to the briefing before the magistrate

judge is not specific.   Failure to file specific written objections will bar the aggrieved party from

appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          April 23, 2014.

NANCY M. KOENIG
United States Magistrate Judge